SARAH DEAN, Secretary, Department of Regulation and Licensing
You ask whether Virginia State Board of Pharmacy v. VirginiaCitizens Consumer Council, Inc., 425 U.S. 748, 96 S.Ct. 1817
(1976), invalidates that part of sec. 449.10, Stats., which prohibits optometrists from advertising the price of lenses, frames, complete glasses or any optometric service as follows:
 "Prohibited advertising. It shall be unlawful for any person to advertise either directly or indirectly by any means whatsoever any definite or indefinite price or credit terms on lenses, frames, complete glasses or any optometric services; to advertise in any manner that will tend to mislead or deceive the public; to solicit optometric patronage by advertising that he or some other person or group of persons possess superior qualifications or are best trained to perform the service; or to render any optometric service pursuant to such advertising."
In my opinion the Virginia case voids four words in sec.449.10, Stats., i.e., "lenses, frames, complete glasses," on the ground that price advertising of these items (prescription drugs in the Virginia case) is communication protected by thefirst amendment to the United States Constitution. These words can be severed from the section without making the section meaningless. Sec. 990.001 (11), Stats.; State ex rel. Milwaukee County v.Boos, 8 Wis.2d 215, 224, 99 N.W.2d 139 (1959). *Page 191 
The holding in the Virginia case, that the state may not prohibit price advertising of prescription drugs by licensed pharmacists, is based on the first amendment right to freedom of speech. The Supreme Court stated that the protection of thefirst amendment extends to free speech as "communication," meaning, that the listener has a protectible right to receive information independent of the right of the speaker to give it. Further, "commercial speech," i.e., speech presented in the form of a paid advertisement, carried in a form that is sold for profit, or involving a solicitation to purchase or otherwise pay or contribute money, is protected at least to the extent that it conveys purely factual information of public interest.
In more concrete terms, the interest of an advertiser in commercial advertisement, even though purely economic, is entitled to the protection of the first amendment, while the interest of a consumer in obtaining price information "may be as keen, if not keener by far, than his interest in the day's most urgent political debate." 96 S.Ct. at p. 1826.
 "Generalizing, society also may have a strong interest in the free flow of commercial information. Even an individual advertisement though entirely `commercial,' may be of general public interest. . . ." (p. 1827.)
The court did recognize that the state has a valid interest in maintaining standards of professionalism:
 ". . . Virginia is free to require whatever professional standards it wishes of its pharmacists; it may subsidize them or protect them from competition in other ways. Cf. Parker v. Brown, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315
(1943). But it may not do so by keeping the public in ignorance of the entirely lawful terms that competing pharmacists are offering. . . ." (p. 1829.)
Also the state may have a valid interest in regulating commercial speech, for example, where it is false, deceptive, misleading or proposes illegal transaction. In this case, however, the court found that what was in issue was merely the right of free access to truthful information, and it held that the state may not "completely suppress the dissemination of concededly truthful information about entirely lawful activity, fearful of that information's effect upon its disseminators and its recipients."96 S.Ct. at p. 1831. *Page 192 
See also, Terminal-Hudson Electronics v. Dept. of Con. Aff.,407 F. Supp. 1075 (1976), in which an injunction was granted staying the enforcement of a California statutory ban on the advertisement of eyeglass prices. On March 22, 1976, Mr. Justice Rehnquist stayed the enforcement of the preliminary injunction (Case No. A-760). On June 7, 1976, the court vacated the stay and remanded the case for consideration in light of the Virginia
decision. See 96 S.Ct. 2619 (1976). To date, there has been no final decision on this case.
In conclusion, in light of the Virginia decision, it is my opinion that sec. 449.10, Stats., to the extent it prohibits price advertising on lenses, frames and complete glasses, is in violation of the first amendment. Consequently, it is also my opinion that advertising by optometrists of prices of lenses, frames and complete glasses is not unprofessional conduct under sec. 449.08, Stats.
Further, in light of the Virginia case, 60 Op. Att'y Gen. 335 (1971) and 48 Op. Att'y Gen. 223 (1959) are withdrawn.
BCL:JPA